Firm I.D. #108   WTG\amb                                                                                                   2013S-0001

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ROBERT D. NELSON, Personal Representative of the Estate of DEREK BOOGAARD, Deceased, | |
| Plaintiff, | ECF Document |
| v. | Civil Action No. 13-cv-4846 |
| NATIONAL HOCKEY LEAGUE, NATIONAL HOCKEY LEAGUE BOARD OF GOVERNORS, and COMMISSIONER GARY B. BETTMAN, (collectively, "NHL"), | Judge Gary Feinerman |
| Defendants. | |

## PLAINTIFF'S MOTION FOR REMAND

Plaintiff, ROBERT D. NELSON, Personal Representative of the Estate of DEREK BOOGAARD, deceased, by and through his attorneys, by and through her attorneys, CORBOY & DEMETRIO, P.C., moves this Court for an entry of an Order, pursuant to 28 U.S.C. § 1447(c) remanding this case to the Circuit Court of Cook County, Illinois. In support thereof, Plaintiff states:

A close and thorough examination of the NHL's cited cases and careful scrutinization of the issues raised *in this case*, mandates the granting of Plaintiff's Motion to Remand. The case at bar will be proven in conformance with long-standing common law tort principles. As Plaintiff need not and will not rely upon any Collective Bargaining Agreement provision or term to prove the elements of his tort claims, there is no jurisdiction in the Federal courts.

## FACTS

Robert Nelson filed this cause of action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, et. Seq., seeking wrongful death damages for the death of Derek Boogaard, former NHL player. (Plaintiff's Complaint at Law attached as Exhibit A). Eight separate counts were pled:

| | |
|---|---|
| Counts I & II: | The NHL's Failure to Prevent Over-Prescription of Addictive Medications to Derek Boogaard Caused Pain and Suffering, Loss of a Normal Life, and Wrongful Death |
| Counts III & IV: | NHL, By and Through its Actual and Apparent Agents, Breached its Assumed Duty to Curb, Cure, and Monitor Derek Boogaard's Drug Addiction Causing Wrongful Death, Pain and Suffering, and Loss of a Normal Life |
| Counts V & VI: | NHL's Negligence in Monitoring Derek Boogaard for Brain Trauma During Derek Boogaard's NHL Playing Career Caused CTE and Pain and Suffering, Loss of a Normal Life, and Wrongful Death |
| Counts VII & VIII: | NHL's Negligence in Using Toradol During Derek Boogaard's Career Caused CTE and Pain and Suffering, Loss of a Normal Life, and Wrongful Death |

(Ex. A at Counts I-VIII).

The NHL removed this case from the Circuit Court of Cook County, averring that the eight-count Wrongful Death Complaint confers federal question jurisdiction "based on complete preemption of plaintiff's claims under Section 301 of the Labor Management Relations Act ("LMRA")." Furthermore, the NHL argues that the Plaintiff's claims are preempted by Section 301 because the rights Plaintiff seeks to vindicate were created by the CBA, and are not based on a common law tort duty.

The NHL avers that certain provision of its 2005 CBA will be consulted in determining its duties to its players. The NHL, in its Notice of Removal, identified the following provisions as those that would be raised in this case:

a. CBA Art. 16.11(e) ("'Any determination that a Player is eligible to be placed on the Injured Reserve List, or designated as Injured Non-Roster, shall be made by the Club"s physician in accordance with the Club's medical standards and documented...");

b. CBA Art. 17.7 (establishing formal procedures that "will govern a determination of whether a Player is disabled...);

c. CBA Art. 17.7; CBA Ex. I (Standard Player's Contract), 5 (a) - (n) (establishing procedures for physician to determine whether Player is "disabled or unable to perform his duties" under his contract);

d. CBA Exs. 25-A to 25-C (Fitness to Play Determination Forms);

e. CBA Art. 22 (establishing a joint NHL/NHLPA Competition Committee...);

f. CBA Art. 23.10 (requiring each Club to conduct an annual exit physical at the end of each NHL season...);

g. CBA Art. 47 (establishing a jointly-administered *Performance Enhancing Substances Program*...);

h. *see generally* Concussion Evaluation and Management Protocol; and

i. NHL By-Law 17A ("Drug Audit").

3

**ARGUMENT**

Not one of the above-stated provisions cited by the NHL in support of federal question jurisdiction applies to the allegations in this case. The CBA's provisions regarding the injured reserved list, a player's long-term disability, the NHL's competition committee, annual physicals, and/or *performance enhancing* drug policies are of no moment in light of Plaintiff's Complaint at Law.

Plaintiff does not plead breach of contract claims, does not claim that the NHL violated a Collective Bargaining Agreement, and does not claim any cause of action pursuant to § 301 of the Labor Management Relations Act. (See Ex. A). The 2005 Collective Bargaining Agreement need not be consulted, reviewed or interpreted in order to determine the merits of the Survival and Wrongful Death claims brought by Derek Boogaard's Estate in the Circuit Court of Cook County, Illinois.

Defendants' argument that Plaintiff's claims arise under or require interpretation of the CBA, and therefore are preempted by §301 of the LMRA, is a legal stretch. Such a stretch requires judicial scrutiny and, upon such review, mandates remand.

"A case must be remanded to state court… if the sole basis of federal jurisdiction is a preemption defense, and the court finds preemption insufficient to confer federal question jurisdiction." *Jorton v. Cigna Individual Financial Services, Co.,* 825 F. Supp. 852, 854 (N.D. Ill. 1993). If a plaintiff can prove all the elements of his state-law claims without the Collective Bargaining Agreement, the claim exists independently of the Collective Bargaining Agreement and thus, federal law. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 409-10 (1988).

I.   **Federal Question Jurisdiction Standard**

This Court is charged with beginning its analysis with a strong presumption in favor of remand. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).  The District Court must "jealously guard" its jurisdiction against abuse by parties who may not comprehend the constitutional importance of federal jurisdiction. *In the Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir. 1992); *Stemmons v. Toyota Tsusha America, Inc.,* 802 F. Supp. 195, 197 (N.D. Ill. 1992).  Accordingly, when a defendant removes a case to Federal Court, this Court must "remain vigilant to ensure the presence of jurisdiction even though the parties may disregard the subject (or, worse, try to sneak one by the judge)." *Shell*, 966 F.2d at 1133.

"A 'preemption' *defense* cannot be the basis of the original federal jurisdiction necessary for removal." *Horton*, 825 F. Supp. At 854.  Removal is only appropriate when the 'preemptive force of a [federal] statute is so <u>'extraordinary'</u> that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" (emphasis added). *Richards v. Caliber Auto Transfer of St. Louis, Inc.,* 2009 WL 3335010 (No. 09-cv-561-JPG)(S. D. Ill. 2009).  As the removal statute is strictly construed, any issues of doubt are resolved in favor of remand. *See Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).

II.  **Plaintiff's Claims Arise Solely Under State Law and Require No Interpretation of the Collective Bargaining Agreement**

Section 301 is a jurisdictional statute under which '[s]uits for violation of contracts between an employer and a labor organization representing employees…may be brought in any District Court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a).

5

Section 301 only preempts state law claims which are either (1) founded on rights created by a collective bargaining agreement or (2) substantially dependent on analysis of such an agreement. *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 371-72 (1990). This Court has interpreted Section 301 narrowly, allowing preemption only in the cases where all parties are actual signatories to the Collective Bargaining Agreement. *Loss v. Blankenship,* 673 F.2d 942, 946-47 (7th Cir. 1982); *Sprague Iron Works v. Urbauer*, 604 F. Supp. 733, 735-36 (N.D. Ill. 1985). Where a plaintiff can prove all elements of his state-law claim without necessity of contract interpretation, then his claim is independent of the collective bargaining agreement and is not preempted by §301. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 407, 409-10 (1988).

In order to find federal question jurisdiction pursuant to §301 of the LMRA, the federal question must appear on the face of the well-pled complaint, not by way of a defense. *Caterpiller Inc. v. Williams,* 482 U.S. 386 (1987). **"A defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."** *Id*.

Plaintiff's causes of action assert duties arising from a voluntary undertaking by the NHL to curb, cure, and monitor Derek Boogaard's drug addiction, to keep him safe, and to refrain from causing him to become addicted in the first instance. None of these issues are addressed in the 2005 Collective Bargaining Agreement, which was in effect during the time Derek Boogaard played. (Ex. A, p. 5).

Moreover, merely referencing or considering a Collective Bargaining Agreement does not automatically invoke preemption. For example, in *Lingle v. Norge Div. of Magic Chef, Inc.,* 486

6

U.S. 399 (1988) an employee brought a state court action claiming that she was terminated for exercising her rights under Illinois Workers' Compensation Act. Plaintiff's claim was removed to federal court. *Id*. In reviewing the application of the employee's state tort in light of the collective bargaining agreement, Justice Stevens found that it was not preempted as it did not require interpretation of the collective bargaining agreement. *Id*. at 413.

Courts have repeatedly advised that "it would be inconsistent with congressional intent… to pre-empt state rules that proscribed conduct, or establish rights and obligations, independent of a labor contract." *Brown v. National Football League*, 219 Fed. Supp. 2d 372 (S.D.N.Y. 2002) citing *Allis-Chalmers v. Lueck*, 471 U.S. 202, 211-212 (1985); *Hawaiian Airlines v. Norris*, 512 U.S. 246, 260 (1994); *Livadas v. Bradshaw*, 512 U.S. 107, 123-24 (1994). The purpose of preemption policy is to make sure that federal law is uniform, *when interpreting collective bargaining agreements. Leher v. Consolidated Papers, Inc.,* 786 F. Supp. 1480, 1485 (1992).

The U.S. Supreme Court has denied *certiorari* in an NFL Member Club's appeal of a state court's finding of no preemption in a case filed by the NFL player against the Member Club. *See Cleveland Browns Football Co., LLC v. Bentley*, 2012 U.S. LEXIS 2969, *cert. denied*, 80 BNA USLW 3496 (U.S. Apr. 16, 2012)(No. 11-1008), 2012 WL 486889 (Member Club's argument that "because Bentley was rehabilitating from an injury he suffered as a Browns player during training camp, the CBA defines the relationship between the parties and controls their respective duties and responsibilities, including the types of information, if any, that needs to be disclosed in connection with such treatment" was rejected).

In *Brown v. NFL*, the allegations against the league were found to be wholly independent of any CBA provision. *Brown*, 219 F. Supp. 2d at 375. In *Brown*, plaintiff, Orlando Brown, a

football player for the Cleveland Browns, was injured when an NFL referee threw a penalty flag at Mr. Brown's eye. *Id.* at 375. As a result of being hit in the eye, Mr. Brown alleged that he could no longer play football without significant risk of sustaining further injury including blindness. *Id.* at 376. Mr. Brown filed a claim against the NFL alleging that it negligently retained the referee, and that it inadequately trained the referee. *Id.* at 380. The NFL attempted to remove the case on the same grounds as the NHL in this case. *Id.* at 375. The Court found that the state law claims alleged by Brown were independent of the Collective Bargaining Agreement and, as a result, the federal court did not have subject matter jurisdiction to hear the case. *Id.*

Plaintiff's Complaint at Law effectively pleads common-law tort liability without requiring any interpretation of the 2005 Collective Bargaining Agreement or any additional agreements governed by the Collective Bargaining Agreement between the NHL and its players. The elements of duty, breach, causation and damages are readily apparent:

The NHL owed a duty to Derek Boogaard to keep him reasonably safe during his NHL career and to refrain from causing an addiction to controlled substances. (Ex A, p. 12). This duty is grounded in common law and not the collective bargaining agreement as it was a voluntary undertaking. (Ex. A, pp. 2, 3, 7, 14, 28, 39, 47, 51). *See, e.g., Brown*, 219 F. Supp. 2d at 372; *Jurevicius v. Cleveland Browns Football Co. LLC*, 2010 U.S. Dist. LEXIS 144096 (N.D. Ohio Mar. 31, 2010); *Castro v. Chicago Park District*, 178 Ill. App. 3d 348 (1988) (baseball league had duty to supervise and protect players); *Gerrity v. Beatty,* 71 Ill. 2d 47 (1978) (school district had duty to protect from unsafe or inadequate football equipment); *Crohn v. Congregation B'nai Zion*, 22 Ill. App. 3d 625, 631 (1st Dist. 1974) (duty of a day camp to protect campers from

8

dangers of swinging baseball bats); *Forkash v. New York*, 277 N.Y.S.2d 827 (N.Y. App. Div. 1st Dep't 1967) (duty of baseball league and umpire to protect players from foreseeable dangers).

In breach of their duties, the NHL provided Derek Boogaard copious amounts of prescription pain medications, sleeping pills, and painkiller injections. Once addicted, the NHL voluntarily undertook a duty to curb, cure, and monitor his addiction. This voluntary undertaking was at no point addressed in the 2005 Collective Bargaining Agreement. (Ex. A, p. 5).

Plaintiff alleges these breaches based on the voluntary undertaking the NHL assumed and its SABH Program. Defendant disingenuously attempts to argue that the SABH Program is somehow a part of the 2005 Collective Bargaining Agreement. The duties and responsibilities associated with the SABH Program were not contemplated by the players and the NHL when they drafted the 2005 CBA Agreement. The SABH Program was drafted in September of 1996, *nine years* before the Collective Bargaining Agreement at issue. Defendant misleadingly turns the Court's attention to Article 47 in an attempt to suggest that the SABH Program was contemplated and bargained for by the players and NHL. This Article addresses the, "*Performance Enhancing* Substances Program." In fact, the Article specifically states that the SABH Program is separate from Article 47. "The Program *shall be limited* to addressing the testing for the use of prohibited *performance enhancing* substances (Prohibited Substances). All other forms of "substance abuse" and behavioral and domestic issues requiring employee assistance will continue to be handled through the NHL/NHLPA Program for Substance Abuse and Behavioral Health (the "SABH Program")."

*Performance enhancing* drugs are in no way at issue in the Plaintiff's claims. Derek Boogaard's addiction to pain medications, sleeping pills, and painkiller injections prescribed by

9

NHL medical doctors were not *performance enhancing*. (Ex. A, p. 2). Defendant's attempt to someone incorporate the SABH program into the 2005 CBA is completely disingenuous.

Any interpretation of the Collective Bargaining Agreement would be futile in determining Plaintiff's causes of action and therefore does not rise to the level of preemption. *See Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 409 (1988) (stating that "even if dispute resolution pursuant to a collective bargaining agreement, on the one hand and state law, on the other other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself the claim is 'independent'").

Plaintiff's claims are clearly independent of the Collective Bargaining Agreement as they are not based on rights delineated by the 2005 CBA nor are they dependent on its interpretation. They are pled pursuant to common law tort principles.

The NHL cited certain cases that have recently been removed from state court as support for removal of its case. However, the NHL conveniently failed to address recent appellate and District Court opinions finding that state claims that are related to a collective bargaining agreements are not preempted.

Furthermore, the NHL disregarded recent decisions regarding similar claims brought by other professional sports players against their affiliated professional sports organization or its member clubs that were not preempted. *See Jurevicious v. Cleveland Browns Football Co.,* No. 1:09 CV 1803, 2010 U.S. Dist. LEXIS 144096 (Mar. 31, 2010); *Hendy v. Losse,* No. 89-55430, 1991 U.S. App. LEXIS 2141 (9th Cir. Feb. 12, 1991); *Stringer v. NFL,* 474 F. Supp. 2d 894 (S.D. Ohio 2007); *see also McPherson v. Tennessee Football Inc.,* No. 3:07-0002, 2007 U.S. Dist. LEXIS 39595 (May 31, 2007) (remanding negligence claims for injuries suffered by a visiting

player, caused by a team mascot negligently operating a golf cart on the field, during pre-game workouts); *Brown v. NFL,* 219 F. Supp. 2d 372 (S.D.N.Y. 2002) (remanding negligence claims because they rely solely on interpretation of the ordinary concepts of negligence); *Brocail v. Detroit Tigers, Inc.,* 268 S.W.3d 90, 102 (Tex. App. 2008) (holding a major league baseball player's tort claim for failure to provide reasonable medical care not preempted).

In *Jurevicius*, the Court remanded fraud and negligent misrepresentation claims that were based on allegations of affirmative misrepresentations concerning staph infections at the Browns Training Facility. *Jurevicius,* 2010 U.S. Dist. LEXIS 144096. The district court concluded that those claims were not preempted because they did not require interpretation of the CBA. *Id*. at *35-36. In its analysis, the district court stressed that absent language addressing a specific duty, the Collective Bargaining Agreement need not be interpreted and cannot be said to govern. *Id*. at *33.

In *Hendy*, a negligent hiring and retention claim was not preempted because it did not require the interpretation of the CBA because the plaintiff's well-pled complaint alleged failure to use due care rather than a failure to hire "a board certified orthopedic surgeon" as required by the Collective Bargaining Agreement. 199 U.S. App. LEXIS 2141 at *5. The plaintiff's claims for intentional and negligent withholding of medical information alleged that the co-defendant doctor misrepresented that the plaintiff was fit to play. *Id*. at 7. The court again held that the claims were not preempted because the duty to disclose arose from the state-law doctrine of informed consent and did not assert any violation of the CBA. *Id*. at 7-8.

Here, as illustrated above, the complaint stands alone as a state tort cause of action, without any need for to interpret the 2005 CBA. As stated above, the provisions regarding an

injured reserve list, physical disabilities, playing rules and equipment regulations and standards, or the requirement of an exit physical do not speak to the issues raised in Plaintiff's complaint. Referencing these provisions as well as the other by laws that the defendant cites is an attempt to make the Plaintiff's complaint something it is not. None of the provisions or by laws mentioned addressed the specific duties and that the NHL voluntarily undertook in the Plaintiff's causes of action. (Ex. A, p. 5). The NHL failed to fulfill its self-imposed commitment to player safety and prevention of addictions to controlled substances. This has nothing to do with the provisions cited by the NHL.

This duty arises from common law principles and the NHL's acknowledgment of its voluntary undertaking. The sole purpose of federal question jurisdiction based upon preemption is to ensure "that the meaning given a contract phrase or term be subject to uniform federal interpretation." *Allis-Chambers Corp.,* 471 U.S. at 211. Since, no contract phrase or term requires interpretation, no federal question jurisdiction exists. Nothing in the 2005 Collective Bargaining Agreement speaks to, or touches upon, the handling of concussive brain traumas, protocols for preventing over-prescription of addictive medications by NHL team physicians or dentists or the manner and method in which players suffering from addiction to pain pills are given curbed, cured, or monitored from their ailment.

## **CONCLUSION**

Federal preemption is driven by the need to ensure that the meaning given to a contract phrase or term be subject to uniform federal interpretation. *Lueck*, 471 U.S. 202 (1985). Thus, questions relating to specific terms of a labor agreement and/or the legal consequences intended

to flow from breaches of those agreements must be resolved by reference to uniform federal law. *Id*.

Tort claims that do not implicate federal interests are not preempted and do not raise federal questions. *In re Bentz Metal Products, Co.*, 253 F. 3d 283, 289 (7th Cir. 2001). Even claims that merely relate, in some way, to a provision in a collective bargaining agreement are not preempted and do not raise federal questions. *Lueck*, 471 U.S. at 213; *Brown*, 219 F. Supp. 2d at 378. The complaint before this Court, where the claims that have their basis in common law and have <u>no</u> <u>relation</u> to the provisions in an expired CBA, does not raise federal questions. *Brown*, 219 F. Supp. 2d 372; *Jurevicius*, 2010 U.S. Dist. LEXIS 144096.

Plaintiff's claim against the NHL will not rely upon the any portion of the CBA to prove the elements his tort claim, rather, it will be proven solely upon common law tort principles. As such, no federal question exists and this case should be remanded to state court.

WHEREFORE, Plaintiff respectfully requests this Court to grant Plaintiff's Motion to Remand this case to the Circuit Court of Cook County, Illinois.



/s/ William T. Gibbs

Thomas A. Demetrio
William T. Gibbs
Corboy & Demetrio, P.C.
Attorney for Plaintiff
33 North Dearborn Street, 21st Floor
Chicago, Illinois  60602
(312) 346-3191
Firm ID No. 108

13