IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT D. NELSON, Personal Representative of the Estate of DEREK BOOGAARD, Deceased<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL HOCKEY LEAGUE, NATIONAL HOCKEY LEAGUE BOARD OF GOVERNORS, and COMMISSIONER GARY B. BETTMAN, (collectively "NHL")<br><br>Defendants. | Civil Action No. 13-cv-04846<br><br>Honorable Judge Gary Feinerman |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE
TO FILE OVERSIZED MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendants, by their undersigned attorneys, respectfully file *instanter* this Unopposed Motion for Leave to File Oversized Memorandum of Law in Opposition to Plaintiff's Motion to Remand.[1] In support of their Motion, Defendants state as follows:

1. On June 5, 2013, Defendants were served by Plaintiff, Robert D. Nelson, Personal Representative of the Estate of Derek Boogaard, with an eight-count 53-page Complaint (the

---

[1] "The National Hockey League Board of Governors," which Plaintiff has named as a defendant, is not an entity distinct from the NHL but is a group of representatives appointed by each NHL Member Club that, under the NHL Constitution, governs the NHL and "establish[es] the policies of the League, and uphold[s] the Constitution and By-Laws[.]" Each Club's representative on the Board of Governors may vary from time to time, and each Club also designates a First Alternate Governor and a Second Alternate Governor. *See* NHL Constitution, Art. V (attached as Exhibit 1 to the Declaration of Jessica Berman). As the "Board of Governors" is not a legal entity with any existence apart from the NHL, it cannot be a defendant in a legal action. See *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 977 n.2 (7th Cir. 2000) ("In Illinois, a defendant must have a legal existence, either natural or artificial, to be subject to suit.") Accordingly, the "Board of Governors" is not represented in this proceeding as a distinct defendant and this action should be dismissed as against the "Board of Governors."

"Complaint") filed in the Circuit Court of Cook County, Illinois, No. 2013N-0001 asserting claims under the Survival Act of the State of Illinois, 755 ILCS 5/27-6 (Counts I, IV, V, VII) and the Illinois Wrongful Death Statute, 740 ILCS 180/1, et seq. (Counts II, III, VI, VIII).

2. On July 3, 2013, Defendants filed a Notice of Removal, removing this action from state court. On August 2, 2013, Plaintiff filed a Motion to Remand. Pursuant to the Court's August 7, 2013 order, the Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand is due today, August 30, 2013.

3. The issues presented in Plaintiff's Motion to Remand concern whether any of Plaintiff's claims, set forth in the Complaint are preempted by Section 301 of the Labor Management Relations Act ("LMRA") because those claims are substantially dependent on an interpretation of the terms of, or arise under, a collective bargaining agreement ("CBA"). Accordingly, the Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand describes Plaintiff's allegations and the issues raised by Plaintiff's claims, extensively references the CBA that governed the professional relationship between the NHL, its Member Club, and players such as the decedent Derek Boogaard, including with citation to specific provisions relevant to Plaintiff's allegations, and examines thoroughly the precedent governing the issue of LMRA Section 301 preemption in this context.

4. In order adequately to respond to the arguments in Plaintiff's Motion to Remand, Defendants respectfully request leave to file their Memorandum of Law in Opposition to Plaintiff's Motion to Remand of 23-pages – a length Defendants believe is necessary to appropriately present their position on the relevant issues. Local Rule 7.1 prohibits briefs exceeding 15 pages without prior approval of the Court. Therefore, and because there is good cause to permit Defendants to file an oversized Memorandum of Law in Opposition to Plaintiff's

Motion to Remand, Defendants move the Court for leave to file their Memorandum of Law in Opposition to Plaintiff's Motion to Remand *instanter*.

5.  The parties have conferred, and Plaintiff's counsel has advised that Plaintiff assents to this Motion.

6.  Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand is being filed contemporaneously with this Motion.

**WHEREFORE**, Defendants respectfully request leave to file *instanter* the Memorandum of Law in Opposition to Plaintiff's Motion to Remand.

Dated: August 30, 2013

Respectfully submitted,

*/s/ Paul L. Langer*
Paul L. Langer (IL Bar No. 6189216)
PROSKAUER ROSE LLP
Three First National Plaza
70 W. Madison St., Ste. 3800
Chicago, IL 60606
Telephone: (312) 962-3550
planger@proskauer.com

Joseph Baumgarten (admitted *Pro Hac Vice*)
Howard Robbins (admitted *Pro Hac Vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
jbaumgarten@proskauer.com
hrobbins@proskauer.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on this 30th day of August, 2013.

                                              */s/ Paul L. Langer*
                                              Paul L. Langer