UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT D. NELSON, Personal Representative of the Estate of DEREK BOOGAARD, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | 13 C 4846 |
| vs. | ) ) ) | Judge Feinerman |
| NATIONAL HOCKEY LEAGUE, NATIONAL HOCKEY LEAGUE BOARD OF GOVERNORS, and COMMISSIONER GARY B. BETTMAN, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion and Order, Plaintiff's motion to remand [23] is denied. Defendants' motion to dismiss [8] is denied without prejudice. Defendants shall answer or otherwise plead to the complaint by 3/20/2014. If Defendants file a renewed motion to dismiss, they should consider the matters set forth below, and Plaintiff's response will be due 4/17/2014 and Defendants' reply will be due 5/8/2014. Status hearing set for 3/27/2014 at 9:30 a.m.

## STATEMENT

Defendants' principal ground in seeking dismissal is that Plaintiff's claims are untimely under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Doc. 9 at 17-27. The premise of this argument is that Plaintiffs' claims are completely preempted by § 301. As explained in the Memorandum Opinion and Order, that premise has been established with respect to the claims set forth in Counts III and IV of the complaint; the court did not address whether that premise was established with respect to the claims set forth in Counts I-II, V-VI, and VII-VIII of the complaint. In the event they renew their motion to dismiss, Defendants must establish that premise for the claims set forth in Counts I-II, V-VI, and VII-VIII, and in order to do that, Defendants will need to pay close attention to the substance of those claims and explain precisely *how* each set of claims is inextricably intertwined with *which* specific provisions of the 2005 CBA. In neither their opposition to Plaintiff's remand motion nor their motion to dismiss do Defendants clearly engage in that analysis.

Defendants argue in the alternative that Plaintiffs' claims: (1) should be dismissed based on the exclusive remedy provision of the Illinois Workers' Compensation Act, and/or (2) should be dismissed in part under the statute of limitations imposed by Illinois law. Doc. 9 at 28-33. At the same time, Defendants state that they "do not concede that Illinois law should apply to this action under a choice of law analysis." *Id*. at 28 n.12. At the recent oral argument on Plaintiff's motion to remand, Defendants repeated their reservations regarding the applicability of Illinois

law. In the event they renew their motion to dismiss, Defendants should consider providing their view as to which State's law governs Plaintiff's claims. If Defendants wish simply to hold Plaintiff to his choice of Illinois law, they may do so. If, however, Defendants wish to argue that another State's law applies, they should address whether that State's worker compensation law and statute of limitations bar Plaintiff's claims.

February 20, 2014 /s/ Gary Feinerman
United States District Judge