IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT D. NELSON, Personal Representative of the Estate of DEREK BOOGAARD, Deceased<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL HOCKEY LEAGUE, NATIONAL HOCKEY LEAGUE BOARD OF GOVERNORS, and COMMISSIONER GARY B. BETTMAN, (collectively "NHL")<br><br>Defendants. | Civil Action No. 13-cv-04846<br><br>Honorable Judge Gary Feinerman |

## DEFENDANTS' MOTION TO DISMISS

Defendants hereby submit their Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1] In support of their Motion, Defendants state as follows:

1. On June 5, 2013, Defendants were served by Plaintiff, Robert D. Nelson, Personal Representative of the Estate of Derek Boogaard, with an eight-count 53-page Complaint (the "Complaint") filed in the Circuit Court of Cook County, Illinois, No. 2013N-0001 asserting

---

[1] "The National Hockey League Board of Governors," which Plaintiff has named as a defendant, is not an entity distinct from the NHL but is a group of representatives appointed by each NHL Member Club that, under the NHL Constitution, governs the NHL and "establish[es] the policies of the League, and uphold[s] the Constitution and By-Laws[.]" Each Club's representative on the Board of Governors may vary from time to time, and each Club also designates a First Alternate Governor and a Second Alternate Governor. *See* NHL Constitution, Art. V (attached as Exhibit 1 to the Declaration of Jessica Berman). As the "Board of Governors" is not a legal entity with any existence apart from the NHL, it cannot be a defendant in a legal action. See *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 977 n.2 (7th Cir. 2000) ("In Illinois, a defendant must have a legal existence, either natural or artificial, to be subject to suit.") Accordingly, the "Board of Governors" is not represented in this proceeding as a distinct defendant and this action should be dismissed as against the "Board of Governors."

1

claims under the Survival Act of the State of Illinois, 755 ILCS 5/27-6 (Counts I, IV, V, VII) and the Illinois Wrongful Death Statute, 740 ILCS 180/1, et seq. (Counts II, III, VI, VIII).

2. On July 3, 2013, Defendants filed a Notice of Removal, removing this action from state court.

3. On July 10, 2013, Defendants filed a Motion to Dismiss the Complaint and memorandum in support thereof.

4. On August 2, 2013, Plaintiff filed a Motion to Remand this action to state court.

5. On August 30, 2013, Defendants filed an Opposition to the Motion to Remand.

6. On September 20, 2013, Plaintiff filed a Reply in further support of his Motion to Remand.

7. On February 20, 2014, this Court entered an Order that (a) denied Plaintiff's Motion to Remand on the grounds that Counts III and IV are preempted under Section 301 of the Labor Management Relations Act 29 U.S.C. § 185, and (b) denied Defendant's Motion to Dismiss without prejudice.

8. The remaining claims (Counts I, II, V, VI, VII, and VIII) are also preempted under Section 301 of the Labor Management Relations Act 29 U.S.C. § 185 and should be dismissed because they substantially depend upon interpretation of the terms of, or arise under, the applicable collective bargaining agreement.

9. If this Court were to find any of Plaintiff's claims not preempted, however, all such claims should be dismissed based on the exclusive-remedy provisions of the Illinois Workers' Compensation Act, 820 Ill. Comp. Stat. 305/5(a).

10. In addition, the claims in Counts I, IV, V and VII of the Complaint should be dismissed, in whole or in part, as time-barred because they concern injuries that allegedly

occurred outside the two-year statute of limitations applicable to negligence claims for personal injuries under Illinois law. (Ill. Rev. Stat.1985, Ch. 110, Pars. 13-202)

11. Finally, Plaintiff's allegations should be dismissed because they are entirely conclusory and fail to state a claim against any of the defendants.

12. Defendants incorporate by reference their Memorandum of Law in Support of Defendants' Motion to Dismiss as further support for this Motion.

13. Defendants respectfully request that this Court schedule oral argument on the instant Motion.

WHEREFORE, Defendants respectfully request that this Court grant their motion to dismiss this action, and grant other such relief as this Court deems proper.

Dated: April 4, 2014

Respectfully submitted,

/s/ *Michael F. Derksen*
Michael F. Derksen (IL Bar No. 6296212)
PROSKAUER ROSE LLP
Three First National Plaza
70 W. Madison St., Ste. 3800
Chicago, IL 60606
Telephone: (312) 962-3550
mderksen@proskauer.com

Joseph Baumgarten*
Howard Robbins*
Adam Lupion**
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
jbaumgarten@proskauer.com
hrobbins@proskauer.com
alupion@proskaeur.com

3

| | |
|---|---|
| * | admitted *Pro Hac Vice* |
| ** | *Pro Have Vice* Application pending |

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      The undersigned counsel for Defendants certifies that on April 4, 2014, he caused a copy of the foregoing to be served to all counsel of record via ECF.

                                              /s/ *Michael F. Derksen*
                                              Michael F. Derksen