Case: 1:13-cv-04846 Document #: 111 Filed: 08/04/15 Page 1 of 8 PageID #:2642

#108   WTG\mab   7/29/2015                                                                    2013S-0001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEN BOOGAARD and JOANNE BOOGAARD, Successor Personal Representatives of the Estate of DEREK BOOGAARD, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL HOCKEY LEAGUE, NATIONAL HOCKEY LEAGUE BOARD OF GOVERNORS, and COMMISSIONER GARY B. BETTMAN, (collectively, "NHL"),<br><br>Defendants. | ECF Document<br><br>Civil Action No.   13-cv-4846<br><br>Judge Gary Feinerman |

### PLAINTIFFS' MEMORANDUM AT LAW IN SUPPORT OF MOTION TO STAY ADJUDICATION OF THE PENDING MOTION TO DISMISS

Plaintiffs, LEN BOOGAARD and JOANNE BOOGAARD, Successor Personal Representatives of the Estate of DEREK BOOGAARD, Deceased., respectfully submit this Memorandum of Law in support of their Motion to Stay Adjudication of the Pending Motion in the above-captioned action pending further discovery and decisions to permit the use of documents and testimony *In re National Hockey League Players' Concussion Injury Litigation*, 14-md-02551 (D. Minn.) ("*Hockey Concussion MDL*").  Plaintiffs request a brief stay until the parties' next scheduled status conference on September 16, 2014.

Plaintiffs filed suit against the NHL after their son, Derek Boogaard, an NHL player, died of an accidental prescription drug overdose at age 28. Post-mortem, neuro-pathological review revealed that Mr. Boogaard suffered from chronic traumatic encephalopathy ("CTE") – an advanced neurodegenerative disease associated with repeated head trauma.

Mr. Boogaard's case is just one of dozens across the country in which former players allege that the NHL breached its duty to warn and protect its players from the brain injuries that unnecessarily occurred while they were playing professional hockey. The Judicial Panel on Multidistrict Litigation ("JPML") has centralized most of those cases before Judge Nelson in the District of Minnesota (the *Hockey Concussion MDL*). Discovery is ongoing before Judge Nelson, and it has recently yielded substantial discovery related to the same preemption issues raised in the pending motion. *See* Exh. A, Declaration of William T. Gibbs ("Gibbs Decl."); *see Hockey Concussion MDL*, ECF No. 39 (NHL motion to dismiss for preemption under § 301 of the Labor Management Relations Act ("LMRA")).

Plaintiffs intend to seek leave to amend their complaint in this case as soon as possible to (among other things) incorporate the revelations from discovery before Judge Nelson. Those amendments – which will focus on the NHL's independent, non-contractual duties to protect its players from brain injury – will substantially alter (and even moot) several of the NHL's pending dismissal arguments. But as of the date of this motion, the protective order in the MDL precludes Plaintiffs' counsel from using the MDL discovery in this action. *See* Gibbs Decl. ¶¶ 12. Plaintiffs thus request a short stay to allow time to resolve that issue – either through ongoing negotiations with the NHL, or through a motion to unseal before Judge Nelson. Plaintiffs' counsel expects to resolve that issue within the next 45 days, and to file a substantially

amended complaint in this case shortly thereafter.

The requested stay will thus promote judicial economy by relieving this Court of the need to rule on a motion that will shortly become moot due to the filing of an amended complaint that contains allegations stemming from the discovery produced in the MDL. It will also ensure that this Court addresses the important issue of LMRA preemption based on a record that paints a full picture of the NHL's relationship with its players, and that this Court does not reach an inconsistent ruling with the *Hockey Concussion MDL* due to an incomplete record. This short stay will not prejudice the NHL. With or without a stay, Plaintiffs intend to seek leave to file an amended complaint in this action as soon as the MDL confidentiality issues are resolved. In such circumstances, Plaintiffs believe that the most efficient way forward is to stay proceedings until the next status conference on September 16, 2015, by which point Plaintiffs Counsel anticipates being able to resolve the protective order issues.

## ARGUMENT

This Court has broad discretion to issue a stay as part of its inherent power "to control . . . its docket" in the interest of "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The ability to stay proceedings forms a key part of that inherent power. As Judge Easterbrook explained, when a federal judge is "confronted with duplicative litigation [he] need not barge ahead . . . to a conclusion." *See Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995). If good justification exists, "It is sensible to stay proceedings." *Id*. Indeed, "a stay rather than immediate decision is [sometimes] the prudent course." *Id*.

"In deciding whether to enter . . . a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer v. Apotex, Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). Those factors support the brief stay that Plaintiffs request here.

**I.      A Stay Promotes Judicial Economy**

A stay would promote judicial economy by obviating the need for this Court to rule on a motion that will shortly become moot. The NHL's pending motion hinges on an assertion that Plaintiffs "cite[ ] no evidence" for their arguments that the NHL assumed a freestanding duty to protect player health separate and apart from the collective bargaining agreements. NHL Reply Br. at 1. As Plaintiffs explained in their opposition, their existing complaint adequately identifies several such duties that do not give rise to LMRA preemption. But this Court need not and should not resolve that argument, as recent and ongoing discovery in the MDL has yielded substantial documentary and testimonial evidence relevant to that very question. *See* Gibbs Decl. ¶¶ 2-12. The bulk of this evidence has come to light just recently within the last two months. *See id.* ¶¶ 2, 6. In light of this evidence, Plaintiffs anticipate filing an amended complaint with additional allegations demonstrating precisely the sort of freestanding, non-contractual duty that the NHL claims Plaintiffs cannot allege. *See id.* ¶ 12.[1] In such circumstances, continued adjudication of the NHL's pending motion – targeted at soon-to-be-obsolete briefing – would be a waste of resources.

---

[1]      Additionally, as this Court has noted, the substantial evidence from the *Hockey Concussion MDL* may be considered by this Court regardless of whether it is in Plaintiffs' complaint. *See* ECF No. 100 (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012), which holds that "a party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove").

A stay would afford Plaintiffs the ability to resolve confidentiality issues under the MDL protective order in order to file its amended complaint prior to a ruling from this Court. The documents and testimony relevant to Plaintiffs' claims have been designated "confidential" in the MDL, which currently bars Plaintiffs from using them here. Plaintiffs believe that the NHL's confidentiality designations are substantially overbroad, and the MDL parties are in the midst of a meet-and-confer process to negotiate the de-designation of many of those documents. Gibbs Decl. ¶ 8. Barring a negotiated resolution, Plaintiffs' counsel expects to litigate the issue before Judge Nelson shortly. Either way, Plaintiffs expect to obtain permission to use a significant amount of new evidence in this case, and when they do, they intend to seek leave to file an amended complaint. The pending motion should not be decided until then.

II.     **A Stay Will Simplify the Issues and Streamline Trial**

First and foremost, a stay will simplify the issues in this case for the same reason that it fosters judicial economy: the stay will ensure the Court does not expend resources considering a complaint and briefing that Plaintiffs expect to be superseded by evidence gleaned from the *Hockey Concussion MDL*.

Moreover, courts find this factor to favor a stay when the stay will "prevent[ ] inconsistent rulings." *Piekarski v. Amedisys Illinois, LLC*, 2013 WL 2357536, at *3 (N.D. Ill. May 28, 2013). The possibility of inconsistent rulings is especially salient here. The court overseeing the *Hockey Concussion MDL* is presently considering a motion to dismiss that raises similar labor preemption arguments to those presented in the pending motion to dismiss. *See Hockey Concussion MDL*, ECF No. 39 (fully briefed as of December 23, 2014). The *Hockey Concussion MDL* Court, however, may have the benefit of a fuller record on which to decide that motion. *See* Gibbs Decl. ¶¶ 2-12 (describing the voluminous documentary and testimonial evidence from

the *Hockey Concussion MDL*).[1]  A stay here will ensure that this Court does not reach an inconsistent ruling with the *Hockey Concussion MDL* Court merely because this Court does not have the benefit of a fuller record.  See *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 838-39 (7th Cir. 1999); *McCrary v. Bayer Corp.*, 2002 WL 1467691, at *1 (E.D. La. July 3, 2002); *see also* Manual for Complex Litigation § 20.14 (4th ed. 2004) (encouraging federal courts to "coordinate proceedings . . . to avoid or minimize . . . conflicts" and citing stays as one way of doing so); *Id.* §§ 20.14, 21.15 (encouraging coordination among federal courts "to arrange for the results of discovery to be used in all or most of the related cases").

**III.      Any Prejudice to the NHL is Insignificant**

Defendants will not suffer any meaningful prejudice from a stay.  *First*, the requested stay is for a short duration (approximately 45 days) to allow the protective order issues to be resolved in the *Hockey Concussion MDL*.  See *Royal Park Investments SA/NV v. Bank of America Corp.*, 941 F. Supp. 2d 367, 372 (S.D.N.Y. 2013) (short stay of approximately two months pending a JPML ruling caused insigificant prejudice).  *Second*, this suit is just one of many similar lawsuits that Defendants are actively litigating in the *NHL Concussion MDL*.  A short stay in this small portion of Defendants' overall litigation will insignificantly prejudice any interest they have in resolving the many concussion lawsuits against them.  *Third*, the stay will benefit Defendants by ensuring that labor preemption arguments are decided on a full record, instead of being decided

---

[1] As a further example, on July 31, 2015, Judge Nelson granted Plaintiffs' motion to compel discovery relating to the NHL's "concussion program . . . to ostensibly research and study brain injuries affecting NHL players," including "document[ation] [of] all concusssions sustained during regular season games from 1997-1998 through 2003-2004." *NHL Concussion MDL*, ECF No. 196, at 3.  The Court found this information to be "clearly relevant" in that it shows "what the NHL . . . knew about concussions and when they knew it." *Id.* at 10.  Such evidence could bear on the preemption arguments by supporting the pre-existing duty assumed by the NHL outside the context of the collective bargaining agreements.

in this Court (and potentially on appeal) based on a partial record. Defendants can have no legitimate interest in this Court resolving the present motion on an incomplete record.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully requests a stay of all proceedings in this case pending rulings on the use of MDL documents and evidence in the *Hockey Concussion MDL*.

Respectfully submitted,

By: \_\_\_\_\_/s/ William T. Gibbs_____

Thomas A. Demetrio
William T. Gibbs
Corboy & Demetrio, P.C.
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
Atty. No. 108

David C. Frederick
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3215
(202) 326-7900
*Attorneys for Plaintiffs*

**Certificate of Service**

On August 4, 2015, I electronically filed a copy of the foregoing document through the CM/ECF system for the United States District Court for the Northern District of Illinois Eastern Division, which will send a notice of electronic filing to all counsel of record and make it available for viewing and downloading from the CM/ECF system.

/s/ *William T. Gibbs*
William T. Gibbs