UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEN BOOGAARD and JOANNE BOOGAARD, Personal Representatives of the Estate of DEREK BOOGAARD, Deceased, | ) ) ) ) | 13 C 4846 |
| Plaintiffs, | ) ) | Judge Gary Feinerman |
| vs. | ) ) | |
| NATIONAL HOCKEY LEAGUE, NATIONAL HOCKEY LEAGUE BOARD OF GOVERNORS, and GARY B. BETTMAN, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

After years of litigation, the court dismissed this suit brought by the personal representatives of Derek Boogaard's estate (for ease of reference, "Boogaard") against the National Hockey League ("NHL"). Docs. 208-209 (reported at 255 F. Supp. 3d 753 (N.D. Ill. 2017)). The NHL filed a bill of costs seeking $14,565.91 under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Doc. 221. Boogaard filed an opposition, and the NHL's reply reduced its bill to $13,836.49. Docs. 226, 227. The court awards the NHL $2,510.70 in costs.

Rule 54(d)(1) provides, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A court awarding costs must ask first "whether the cost imposed on the losing party is recoverable" under § 1920 and then, "if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Recoverable costs include: (1) "[f]ees of the clerk and marshal"; (2) "[f]ees for … transcripts necessarily obtained for use in the case"; (3) "[f]ees and disbursements for printing

1

and witnesses"; (4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; (5) docket fees; and (6) "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services." 28 U.S.C. § 1920. "Although a district court has discretion when awarding costs, the discretion is narrowly confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs." *Contreras v. City of Chicago,* 119 F.3d 1286, 1295 (7th Cir. 1997) (internal quotation marks and citation omitted).

## I. Pro Hac Vice Fees

The NHL seeks $150 in pro hac vice appearance fees for three of its non-Illinois attorneys as "fees of the clerk" under § 1920(1). Doc. 227-1 at 6. Boogaard objects, arguing not that the NHL's incurring the fees was unreasonable, but that pro hac vice fees are categorically not recoverable under § 1920(1). Doc. 226 at 3. There is a circuit split on the question whether pro hac vice appearance fees are recoverable costs, *compare Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.,* 741 F.3d 955, 958 (9th Cir. 2013) (no), *with Craftsmen Limousine, Inc. v. Ford Motor Co.,* 579 F.3d 894, 898 (8th Cir. 2009) (yes), but there is only circuit that matters here, and in *United States ex rel. Gear v. Emergency Medical Associates of Illinois, Inc.*, 436 F.3d 726 (7th Cir. 2006), the Seventh Circuit affirmed the award of pro hac vice fees as costs. *Id.* at 730 (noting that the plaintiff "objects to the award of $200 for admission of defendants' counsel *pro hac vice*," and affirming the award).

That might be thought to have ended the matter, but several district court decisions hold that pro hac vice fees are not recoverable, with at least two suggesting that *Emergency Medical Associates* is not binding because the Seventh Circuit did not explain its rationale. *See Olesky v.*

*Gen. Elec. Co.*, 2016 WL 7217725, at *2 (N.D. Ill. Dec. 12, 2016); *Abrams v. Van Kampen Funds, Inc.*, 2006 WL 452419, at *5 (N.D. Ill. Feb. 21, 2006). The undersigned respectfully disagrees with those decisions. Explanation or not, an express holding from the Seventh Circuit is governing precedent, and the Seventh Circuit in *Emergency Medical Associates*, after recognizing that the issue had been raised, affirmed on the merits the award of pro hac vice fees as costs. That ends the matter as far as a district court is concerned. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("In a hierarchical system, decisions of a superior court are authoritative on inferior courts. Just as the court of appeals must follow decisions of the Supreme Court whether or not we agree with them, so district judges must follow the decisions of this court whether or not they agree.") (citations omitted); *A Woman's Choice-E. Side Women's Clinic v. Newman*, 305 F.3d 684, 687 (7th Cir. 2002) ("[O]nly an express overruling relieves an inferior court of the duty to follow decisions on the books.").

Given *Emergency Medical Associates*, and because Boogaard does not challenge the reasonableness of the $150 in pro hac vice fees incurred by the NHL, those fees are recoverable.

**II.    Transcripts**

The NHL seeks to recover $1,217.30 in court hearing and deposition transcript costs under § 1920(2) as "[f]ees for … transcripts necessarily obtained for use in the case." Doc. 227-1 at 2-4. Boogaard contends that the NHL's bill does not explain why the hearing and deposition transcripts were necessarily obtained for use in the case. Doc. 226 at 3-4. The NHL provides that explanation in its reply brief and an attached affidavit, noting that it appended hearing and deposition transcripts to various filings and consulted them in preparing for hearings during the long course of this litigation. Doc. 227 at 4-6 & n.4; Doc. 227-2 at ¶¶ 3-4.

3

That explanation amply justifies the recovery of the transcript fees as costs. In *National Organization of Women, Inc. v. Scheidler*, 750 F.3d 696 (7th Cir. 2014), the Seventh Circuit held that a prevailing party need not make a "document-by-document demonstration of necessity" to support its bill of costs. *Id.* at 698. Rather, § 1920 "requir[es] no more than that the transcripts or copies be reasonably and prudently obtained—which depends on how things seemed when the expenditures were made, without the benefit of hindsight." *Id.* at 699. A party need not "go through the record to demonstrate why each transcript, and perhaps even each copy of any document, was necessary. That would be preposterous. … Having a lawyer devote the time necessary to demonstrate the necessity of each transcript and every copy of a document would be far more costly than the copying itself." *Id.* at 698. The NHL's explanation for obtaining the transcripts is more than sufficient to support a cost award under § 1920(2).

### III. Printing and Copying

The NHL seeks to recover $2,604.28 in external printing and copying costs, and $9,459.91 in internal printing and copying costs, as "[f]ees for … the costs of making copies of any materials where the copies are necessarily obtained for use in the case" under § 1920(4). Doc. 227-1 at 5-6. Boogaard objects to certain components of those requests, which are considered in turn.

#### A. Miscellaneous Internal Copying Costs

The NHL seeks to recover $7,994.31 in "miscellaneous printing" costs. Doc. 227-1 at 6. That sum "represent[s] the cost of miscellaneous printing and copying expenses associated with printing or copying various documents as needed on an *ad hoc* basis, including correspondence between counsel, document review during discovery, attorneys' copies of draft filings and documents attached therein, attorneys' copies of decisions cited by Plaintiffs and Defendants in

4

their pleadings, pleadings from such other cases, and documents from" a related MDL proceeding in the District of Minnesota. Doc. 221-3 at ¶ 6. Boogaard objects, arguing that "[a]dditional copies made for the convenience of counsel are not recoverable." Doc. 226 at 11.

Boogaard's argument finds strong support in precedent, as the Seventh Circuit in *Majeske* held that because copies obtained "merely for the convenience" of the prevailing party's attorneys are not "necessarily obtained for use in the case," their costs may not be taxed. 218 F.3d at 825; *see also Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 38 F.3d 1429, 1441 (7th Cir. 1994) (refusing to tax costs of a set of copies made "for the attorney's convenience"). In its reply, the NHL does not deny that the "miscellaneous printing" costs were merely for the convenience of its counsel; instead, it cites *Scheidler* for the proposition that a bill demonstrating that copying costs were in fact incurred, together with an affidavit averring that the costs were necessarily incurred, is all that a prevailing party needs to recover those costs under § 1920. Doc. 227 at 7-8. The NHL overreads *Scheidler*, which cites *Majeske* without any hint of disapproving its holding that copies obtained merely for the prevailing party's attorney's convenience are not recoverable. *See Scheidler*, 750 F.3d at 699 (citing *Majeske*, 218 F.3d at 825).

Because the miscellaneous printing costs the NHL incurred were for its attorneys' convenience alone, they are not taxable. The bill of costs is therefore reduced by $7,994.31.

### B. External Costs to Prepare Documents for Production Review

The NHL seeks to recover $2,604.28 in costs paid to "an external vendor to print and copy documents for attorney review in connection with [its] document production in response to Plaintiffs' discovery requests." Doc. 227-2 at ¶ 6; *see* Doc. 227-1 at 5. Boogaard objects on the

5

ground, among others, that those copies were made for the convenience of the NHL's counsel. Doc. 226 at 6-9.

Making a single copy of potentially responsive client documents is a taxable cost, even for documents that are not ultimately produced. *See Bus. Sys. Eng'g, Inc. v. IBM Corp.*, 249 F.R.D. 313, 315 (N.D. Ill. 2008); *eBay Inc. v. Kelora Sys., LLC*, 2013 WL 1402736, at *5 (N.D. Cal. Apr. 5, 2013). However, if a law firm copies documents already in its possession merely to make document review easier for its attorneys, those costs are not taxable. *See Bus. Sys. Eng'g*, 249 F.R.D. at 315 (ruling that a single set of pre-production copies was taxable, but noting that costs for "additional copies made for the use of [the producing party's] attorneys" would not be recoverable). Here, the NHL states only that it had the documents printed "for attorney review." Doc. 227 at 10. Without knowing whether the NHL already possessed those documents in some form, the court cannot conclude, as it must, that the costs were a necessity of pre-production review, as opposed to merely a convenience for the NHL's attorneys. *See Majeske*, 218 F.3d at 825. The bill of costs is therefore further reduced by $2,604.28.

   **C.**  **Internal Costs to Copy Produced Documents**

The NHL seeks to recover $62.16 in costs to make three copies of documents that it produced in discovery—one for production and "two extra copies for [its] use in the case." Doc. 227 at 9; *see* Doc. 227-1 at 6. Boogaard objects. Doc. 226 at 9-10. Only the set of documents that the NHL actually produced was "necessarily obtained for use in the case" within the meaning of § 1920(4). *See Nicholson v. Allstate Ins. Co.*, 2012 WL 1192077, at *2 (N.D. Ill. Apr. 10, 2012) (awarding copying costs for single set of discovery documents, while denying costs for second set that the defendant "made for itself"). Because the NHL made the two extra copies purely for the "convenience of [its] lawyers," the NHL cannot recover their costs. *See*

6

*Majeske*, 218 F.3d at 825. The NHL's request for $62.16 is therefore reduced by two-thirds, or $41.44.

### D. Internal Costs to Copy Pleadings

The NHL seeks to recover $1,371.52 in costs to make four copies of all pleadings filed in the case. Doc. 227-1 at 6. Boogaard objects to the recovery of costs for two of the four copies. Doc. 226 at 10-11. Parties may recover costs for courtesy copies of filings submitted to the court, but not copies made for their own convenience. *See United States ex rel. Marshall v. Woodward Governor Co.*, 2016 WL 2755324, at *4 (N.D. Ill. May 12, 2016) ("[T]he only court papers whose copying was reasonably necessary are those for which Local Rule 5.2(f) required [the plaintiff] to submit a courtesy copy to the judge."). Accordingly, the NHL's request for $1,371.52 is reduced by half, or $685.76, which is the only reduction Boogaard requests.

## Conclusion

For the foregoing reasons, Boogaard's objections to the NHL's bill of costs are sustained in part and overruled in part. The NHL's revised bill of costs of $13,836.49 is reduced by $11,325.79 ($7,994.31 for miscellaneous printing costs, $2,604.28 for pre-production copying, $41.44 for copies of produced documents, and $685.76 for copies of the pleadings), resulting in a cost award of $2,510.70.

November 17, 2017

United States District Judge